Sunil BHANDARI, Petitioner,

v.

Alberto R. GONZALES,* Attorney General Respondent.

No. 03–74435.

Agency No. A95–294–311.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 12, 2005.

10. *See* 18 U.S.C. § 3142(g)(4).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Jacqueline Dryden, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM***

Sunil Bhandari, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's adverse credibility finding. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

Although not all the reasons cited by the IJ support the credibility finding, "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). We conclude that inconsistencies between Bhandari's testimony and his declaration regarding the identity of the individuals who vandalized his store, inconsistencies in his testimony regarding whether his wife was threatened, and inconsistencies in his account of the physical attacks support the adverse credibility determination. The discrepancies concern the basis for his fear of persecution and thus go to the heart of his asylum claim. *See Chebchoub,* 257 F.3d at 1043.

Because Bhandari did not establish eligibility for asylum, he is unable to show he is eligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Additionally, the BIA did not abuse its discretion when it denied his motion to accept an untimely brief because the record shows that the briefing schedule was mailed to the address of record. *Cf. Singh v. Ashcroft,* 362 F.3d 1164, 1168–69 (9th Cir.2004) (finding a due process violation when BIA sent briefing schedule and transcript to wrong address).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.